# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| GLEN FOLSOM, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. CIV-18-905-G |
| OKLAHOMA DEPARTMENT OF CORRECTIONS et al., | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Glen Folsom, a state prisoner appearing pro se, initiated this action by filing a petition for writ of habeas corpus. The matter was referred to United States Magistrate Judge Bernard M. Jones for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). After ordering Petitioner to submit an amended habeas petition, and reviewing the Amended Petition (Doc. No. 11) submitted by Petitioner, Judge Jones has recommended that the action be dismissed for failure to state a claim upon which relief may be granted. *See* Report and Recommendation ("R. & R.") (Doc. No. 16) at 3. Judge Jones has further recommended that Petitioner's pending motions, including his application to proceed *in forma pauperis* (Doc. No. 10), be denied as moot. *Id.*

Judge Jones explains that the Amended Petition seeks a variety of relief based on criticisms of Petitioner's conditions of confinement, but those criticisms are not actionable under 28 U.S.C. § 2241. *See* R. & R. at 2-3. Judge Jones further explains that, although Petitioner states in the Amended Petition that he is challenging prison disciplinary proceedings, he does not specify any proceeding or ruling as being the subject of his

challenge or allege that any such proceeding deprived him of good-time credits or otherwise affected the sentence he will serve. *Id.* Finally, Judge Jones notes that conversion of the Amended Petition into a complaint under 42 U.S.C. § 1983 would serve no useful purpose due to the minimal substantive allegations provided therein, but Petitioner remains able to initiate a new § 1983 action if he chooses.

Subsequent to the R. & R., Petitioner has submitted three letters (Doc. Nos. 17, 20, and 21) and a document titled "Right to Object by Petitioner Folsom Glen" (Doc. No. 19), which the Court collectively construes as an objection to the R. & R.[1] In these documents, Petitioner does not take issue with specific findings or conclusions in the R. & R.; rather, Petitioner generally argues that his constitutional and civil rights are being infringed and that he is at a disadvantage because of his mental health condition, lack of legal training, and lack of access to legal files and materials. In none of these assertions, however, does Petitioner offer any factual basis for § 2241 habeas relief. Having conducted a *de novo* review, the Court concludes the R. & R. should be adopted.

For the foregoing reasons, the Report and Recommendation of the Magistrate Judge (Doc. No. 16) is ACCEPTED, ADOPTED, and AFFIRMED. The Amended Petition filed pursuant to 28 U.S.C. § 2241 is DISMISSED without prejudice, and Petitioner's pending motions (Doc. Nos. 10, 12, 18) are DENIED as moot.

---

[1] Petitioner has also submitted a filing titled "Emergency Motion for Injunctions and T.R.O." (Doc. No. 18). The contentions in that motion support Judge Jones' conclusion that Plaintiff is seeking relief appropriate to a § 1983 civil rights action and not a § 2241 habeas action. In light of the Court's decision to dismiss the Amended Petition, the "Emergency Motion" is DENIED as moot.

Further, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court denies Petitioner a Certificate of Appealability ("COA"). Where a habeas petition is denied on procedural grounds, the petitioner is entitled to a COA only if he or she demonstrates that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reasons would find it debatable whether the district court was correct in its procedural ruling." *Stack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a habeas petition is denied on the merits, the petitioner is entitled to a COA only if he or she demonstrates "that jurists of reason could disagree with the district court's resolution of his [or her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel, supra*). Upon consideration, the Court finds Petitioner has not made either showing. Therefore, a COA is denied.

IT IS SO ORDERED this 18th day of December, 2018.

CHARLES B. GOODWIN
United States District Judge